IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO.  05-432 |
| v. | : | |
| | : | CIVIL ACTION |
| NELKIS GUTIERREZ-GAINZA | : | NO.  09-2613 |
| | : | |

DuBOIS, J.                                                                                                   AUGUST 10, 2009

## M E M O R A N D U M

**I.       INTRODUCTION**

Petitioner, Nelkis-Gutierrez-Gainza, is currently serving a term of 240 months imprisonment for his conviction of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 (Count One), and distribution of, and aiding and abetting the distribution of, nine kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2 (Count Two).  On June 8, 2009, petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 which was imposed by this Court on June 26, 2007.   Presently before the Court is petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255.

Petitioner raises the following issues in his § 2255 Motion:

1.  Ineffective assistance of counsel on the ground that counsel failed to argue that he should have been charged as a "mule";

2.  Ineffective assistance of counsel for failing to argue that his sentence should be set aside because he wore his prison khakis during the trial and thus was presumed guilty; and,

3.  The failure of the Government to prove by a preponderance of the evidence that petitioner had a prior felony drug conviction.

For the reasons stated below, petitioner's § 2255 motion is denied.

Petitioner filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit after imposition of sentence. On July 9, 2008, the Third Circuit affirmed the conviction and sentence imposed on June 26, 2007. *United States v. Gutierrez-Gainza,* 284 Fed.Appx. 975 (3d Cir. 2008).

**II.     DISCUSSION**

**A.     Claims of Ineffective Assistance of Counsel**

**1.     Standard for Ineffective Assistance of Counsel**

"Strickland v. Washington supplies the standard for addressing a claim of ineffective assistance of counsel." United States v. Smack, 347 F.3d 533, 537 (3d Cir. 2003) (citing Strickland, 466 U.S. at 687). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. This standard requires a familiar two-part inquiry. "First, the defendant must show that counsel's performance was deficient," that is, "that counsel's representation fell below an objective standard of reasonableness." Id. at 687–88. The measure for counsel's performance under the first prong of Strickland is "whether counsel's assistance was reasonable considering all the circumstances" including "prevailing professional norms." Id. at 687–88. "Second, the defendant must show that [counsel's] deficient performance prejudiced the defense." Id. at 687. The defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

### 2. Claim that Counsel Was Ineffective for Failing to Object to Trial of the Case with Defendant in Prison Clothes

Petitioner argues that he received ineffective assistance of counsel because counsel did not object to the fact that he wore prison clothes during the trial. Without discussing whether or not that conduct fell below an objective standard of reasonableness, the Court concludes that petitioner has failed to present any evidence of prejudice. Specifically, he has not shown that, had he not been wearing prison clothes throughout the trial, he would not have been convicted, or that he would have received a lesser sentence. In short, he has failed to establish prejudice. There is no reasonable probability that the outcome of the trial would have been different had he not worn prison clothes at trial. Thus, his § 2255 motion on this ground is denied.

### 3. Claim That Counsel Was Ineffective for Failing to Argue That Petitioner Should Have Been Charged as a "Mule"

Petitioner claims that counsel was ineffective for failing to argue that petitioner should have been charged as a "mule." That claim is rejected. The status of serving as a "mule" or a carrier in a drug conspiracy is a factor that can and was argued in mitigation of sentence. Petitioner's counsel made that precise argument at sentencing. However, the fact that Gutierrez-Gainza had previously been convicted of a felony drug offense and was subject to an enhanced 20 year mandatory minimum sentence, rendered the argument moot. The Court had no option other than to impose the 20 year mandatory minimum sentence once it was established that petitioner had a prior felony drug conviction.

If Petitioner is claiming that counsel should have argued at trial that he was a "mule," that argument would have been wholly inconsistent with the nature of the defense that his counsel raised at trial. Specifically, at trial, counsel argued that petitioner was not the person who transported or transferred the satchel of cocaine to the Government's cooperating witness. That

3

argument precluded counsel from taking the position at trial that petitioner was a mule. Under those circumstances, defendant has failed to show that counsel's performance fell below an objective standard of reasonableness with respect to the "mule" argument.

### B. Claim That the Government Failed to Prove by a Preponderance of the Evidence That Petitioner Had a Prior Felony Drug Conviction

Petitioner also claims that the Government failed to prove that he had a prior felony drug conviction. The Court rejects this argument.

Before imposing sentence on June 26, 2007, following an evidentiary hearing, the Court found that the Government had met its burden of proof by a preponderance of the evidence of establishing that petitioner had a prior drug felony conviction which he had sustained in a Minnesota state court. The effect of the prior conviction was an enhanced 20 year mandatory minimum sentence.

This precise issue was raised on direct appeal to the Third Circuit. In its ruling on July 9, 2008, affirming the judgment of this Court, the Third Circuit concluded that this Court's finding that petitioner had a prior Minnesota drug felony conviction was not clearly erroneous. *United States v. Gutierrez-Gainza,* 284 Fed.Appx. 975 (3d Cir. 2008). Because this issue has been litigated, it cannot be relitigated, and the § 2255 motion is denied on this ground.

### III. CONCLUSION

For all of the aforementioned reasons, petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 is denied.

An appropriate Order follows: